```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT
```

Sheara Bryant,                   :
                                 :
        Plaintiff,                :
                                 :
        v.                        :         Case No. 2:13-cv-90
                                 :
St. Johnsbury Vermont            :
State Troopers Office,           :
Lisa Sammet, and                 :
Christopher Tetreault,           :
                                 :
        Defendants.               :

## OPINION AND ORDER

Plaintiff Sheara Bryant, proceeding *pro se*, initiated this action in May 2013 claiming that her civil rights were violated while she was a resident of Hardwick, Vermont. The allegations include wrongdoing by elected officials, law enforcement, private citizens, and a local librarian. Ms. Bryant is currently a resident of Mattapan, Massachusetts.

Several Defendants were dismissed from the case in prior orders. Now pending before the Court are (1) a motion for summary judgment or judgment on the pleadings filed by Defendants Lisa Sammet and Christopher Tetreault (ECF No. 75), and (2) a motion to dismiss filed by the St. Johnsbury State Troopers Office (ECF No. 79). Sammet, Tetrault, and the State Troopers are the only remaining Defendants. Their motions have been pending for over seven months, with no response from Ms. Bryant. In fact, there has been no activity in the case since June 2014.

When the Court granted Ms. Bryant *in forma pauperis* status, it warned her that "in the event a defendant files a motion for summary judgment . . . or moves to dismiss the complaint, the plaintiff's failure to respond may result in the dismissal of that defendant from the case." (ECF No. 3 at 7.) In the required notice to *pro se* litigant filed in conjunction with Defendants' motion for summary judgment, Ms. Bryant was further warned that "[t]he claims you assert in your complaint may be dismissed without a trial if you do not respond to this motion." (ECF No. 81 at 1.) Nonetheless, Ms. Bryant has failed to respond to either of the pending dispositive motions.

In light of Ms. Bryant's inactivity in this case, the Court considers whether dismissal for failure to prosecute is appropriate. Dismissal for failure to prosecute is governed by Federal Rule of Civil Procedure 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). Where the defendant has not moved under Rule 41(b), a court may nonetheless dismiss a case *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1982);

2

*Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). In *Link*, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 370 U.S. at 630–31.

The Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp.*, 682 F.2d at 42. It is, however, "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (*per curiam*)); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in *pro se* cases, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.  *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004); *Nita*, 16 F.3d at 485; *Feurtado v. City of New York*, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)).

In this case, Ms. Bryant has not filed anything since March 2014.  In the twelve months since that time, Defendants have filed dispositive motions, the latest of which have gone unanswered.  Given that the last due date for a response from Ms. Bryant was August 11, 2014, the Court calculates the duration of her failures as at least seven months.  Notice was provided at the outset of the case, and again with the summary judgment filings, that a failure to file responses could results in serious adverse consequences.  Those warnings have gone unheeded.

Prejudice to the Defendants is plain, as they continue to be involved in a nearly two-year old case with no sign of participation from their opponent.  Given the lack of opposition, the Court must address the needs of its calendar while still taking into account Ms. Bryant's due process rights.  In keeping with those rights, as well the requirement that the Court consider lesser sanctions, the Court declines to dismiss this case with finality at this time.

As allowed under Rule 41(b), all remaining claims in the case are **dismissed without prejudice**, and all pending motions are **denied** as moot.  However, final judgment will not enter for 30 days.  If Ms. Bryant files responses to the pending motions within 30 days, dismissal of her claims will be lifted, the pending motions will be reinstated, and the case will proceed.  If no responses are received within 30 days, the Clerk's office shall enter final judgment of dismissal without prejudice as to the remaining Defendants, and this case shall be closed.

Dated at Burlington, in the District of Vermont, this 9th day of March, 2015.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge